WILLIAM MATTOON *vs.* JOHN L. RICE.

After a butcher had given notice to a marketman " that the weather was bad for killing, and he should kill no hogs in that weather unless ordered," but, " if ordered, would kill and send one to the market the next morning," the marketman ordered of him a good hog to be killed that night and delivered the next morning. *Held,* that, if he executed the order with due care, he could recover the value of the pork as if sound, although it spoiled during the night by reason of the weather.

CONTRACT for the price of a hog. Trial in the superior court. before *Rockwell,* J., who allowed the following bill of exceptions

" The plaintiff kept for sale a number of hogs ; and the defendant bought and sold at his market meat and provisions. On November 9, 1868, the defendant's clerk was informed that

the plaintiff was killing hogs, and if ordered would kill and send one to the defendant's market the next morning; and there was evidence that at the same time the clerk was informed by the plaintiff that the weather was bad for killing, and he should kill no hogs in that weather unless ordered.   The defendant accordingly, by Thomas Dewey, sent a message to the plaintiff; which message, according to the testimony of the defendant's witnesses, was to send to the market, in the morning, a good and heavy hog; but, according to the testimony of the plaintiff's witnesses, it was to kill that night for the defendant a good fat hog, to be delivered at the market the next morning.   Dewey, not finding the plaintiff, requested the plaintiff's son to deliver the message.   The son told the plaintiff that the defendant ordered killed that evening a good hog, to be delivered at the market in the morning.   By order of the plaintiff, Job McMasters, employed by the plaintiff, selected a hog, which he killed in the evening, cutting it down the back a few inches below the shoulder, and carried it to the defendant's market in the morning; and it appeared that, when it was brought into the market, it was not all sound pork, but was damaged by heating.   On November 9 the weather was warm and damp; and there was evidence that a hog killed in such weather is liable to damage by heating, and that, if it is cut down the entire length of the back, it is less liable to such damage; but there was evidence tending to show that, at the time the hog was delivered, it was not injured at all by reason of not being cut down the entire length of the back.   It was conceded that the price which the plaintiff sought to recover was the price of pork agreed upon by the parties when the order was given.

" The defendant asked the judge to instruct the jury as follows : If the defendant ordered a good hog to be killed in the evening and delivered at his market in the morning to be sold for the food of man, and it was unwholesome when brought into the market, unless the plaintiff satisfies the jury that he selected a good hog, and it was properly slaughtered and cared for till left at the market; or if the defendant ordered a good hog to be sent in the morning, and the hog, when left at the market, was

sour and unwholesome on account of the weather, or by reason of any neglect of the plaintiff in selecting, killing and taking care of the hog, the plaintiff can recover only its value at the time it was left at the market. If, considering the state of the weather, the hog should have been cut down the back to permit the escape of animal heat, and, in consequence of the plaintiff's neglect so to cut the hog, it became sour before it was delivered, the defendant is liable only for what it was worth when left at the market.

"The judge declined to give instructions in the above form, but instructed the jury as follows: If the jury are satisfied that the defendant, by message through Dewey, ordered of the plaintiff a good hog to be killed that night and delivered the next morning; and if, in pursuance of that order, the plaintiff, with proper care, selected a good hog, and killed it that night and delivered it the next morning in due season, substantially according to the order, the plaintiff using due and ordinary care in killing, taking care of it over night, and conveying it to the market; the plaintiff may recover the full value as sound pork, notwithstanding that the pork was heated when delivered, if the bad condition of the pork was entirely due to the effects of the weather; but if the bad condition of the pork was in whole or in part due to any negligence of the plaintiff in executing the order, or if the order was merely for a good hog, which was injured by the weather, he can only recover the value of the pork, as injured, at the time it was brought into the defendant's market. The verdict of the jury was for the full amount claimed by the plaintiff, and the defendant excepted."

*J. M. Stebbins,* for the defendant.

*G. M. Stearns & M. P. Knowlton,* for the plaintiff.

CHAPMAN, C. J. The instructions excepted to were accurate and sufficient. After the plaintiff had given notice to the defendant that he should kill no hogs unless ordered, on account of the risk of injury to the pork which might be occasioned by the weather, the defendant, by giving the order, would take that risk upon himself, and the plaintiff would be liable only for want of due care, as stated in the instructions.

*Exceptions overruled.*